case number 21 57 62 the United States of America versus Trinity Phillips oral argument not to exceed 15 minutes per side mr. Hawley you may proceed for the appellant may please the court I'm Michael Hawley and I represent mr. attorney Phillips in this appeal I like to reserve three minutes for rebuttal please okay thank you so mr. Phillips appeals is 151 month sentence that was based in part on the image table from the child pornography guideline the image table of course triggers a greater offense level for a greater number of images and that table is created by Congress in 2003 when Congress told the Sentencing Commission to put it in its guidelines in the following year the Sentencing Commission created special they're called instruction that said for any given video any given video shall be considered 75 images you call it as instructions is that different from commentary the in their explanation for amendment 664 which created this there's rule for videos that's what the Commission called it they said it was an instruction and the Sixth Circuit that this court mentions that in Gherkin and I make any difference whether they want to label it in instruction or commentary it may not matter what they label it but the fact is that it is an instruction or rule or guidance rather than an interpretation I think that's and I think it's telling that in 2004 when they're not thinking about cases like Havis and so forth they just go ahead and say well we're defining images here we're defining images by tying it the statutory definitions and then we're also giving an instruction is in addition it's a special instruction for videos and the question isn't whether the Sentencing Commission has the power to issue a special instruction for videos along these lines and it's not really whether a 75 to 1 ratio would be reasonable the question is really whether the Sentencing Commission acted legitimately when it chose to issue that instruction through interpretive commentary rather than a guideline so and you know the answer is no the answer is no because this instruction is is a rule it's a special rule and just as in Riccardi it cannot be cannot be described as an interpretation of any term and if they shouldn't have issued it then where does that leave the word image does that leave it to each district judge to interpret what image means when a district judge encounters a video it would it would at this point and can I pause you for a minute why wouldn't it leave it to this court to that the 75 to 1 is not an interpretation of the word image but don't we now have to decide because you want to say I've got a definition of image image means one video is one image yes yeah and you'd like us to say that's what that means so it wouldn't be up to a district judge if we rule for you yes they'll follow us you can rule you can rule for me without defining image you can rule for me by saying this sentence Commission acted with it beyond its powers it was threatened to separation of powers because if we just said that it was beyond its powers wouldn't we remand because that in that sense the district judge has not had a chance to rule on the law absent the commentary I mean I suppose we could do it ourselves now but in a sense wouldn't we be jumping one step ahead I think you might be jumping one step ahead because we haven't exactly briefed that because your your position your position I take it and we might or might not accept it was that a video no matter how long no matter what's being done to how many people in a two-hour video is still one image I think the best interpretation of image is it is whatever and you know we're in a digital age really and these statutory definitions address digital files means each digital file whether it's three second video 30 second video photo or like a live photo which is now five frames I mean it's about so then if my two-hour assault hypothetically is broken up into ten files that'd be ten images even if it's a continuous as long as it isn't taken in a you know I think one of the I don't know whether one of the documents were talked about you know some movies are are taken in one shot and and most their cuts but your position would be that that would be different sure and I you know I think images is ultimately not the best way of getting a culpability for what's happened but it is what Congress did okay and you know Congress but Congress I think Congress did not decide the video should be multiple images there shouldn't be 24 frames per second it shouldn't be well Congress said images and didn't the district court rule in the alternative didn't the district court say I'm the district court said I'm going to defer to the sentencing Commission's 75 to 1 rule but in the if I if I'm if I don't defer to that in the alternative images means frames per second times the length of the video so image equals frame the district judge didn't say that it suggested that might be what it's thinking it you know I had the probation officer go through and count up the number of frames you know estimate the number of frames and you know that may have been an exercise to support show how reasonable 75 to 1 could be considered because more lenient than frames per images but it didn't say you know it it said 75 to 1 is valid and it relied on that it didn't say I'm gonna set that aside now and I'm gonna interpret image he didn't it didn't say that and we're not sure what he would do in that case and I we never had I'm sorry no I we didn't we didn't you know we didn't argue all that we didn't that legal issue didn't come up what is you know is is he disagreeing the image but in this court you've certainly made an argument about what image means sure I and your view is image means one yes I think that is the best and it's a pure question of law yes and but we raised it in the context of looking at one of the one of the three Kaiser questions is there ambiguity right and you know I think I think if there were no context there might be ambiguity is this image means still and moving images or did it just mean still images that could be ambiguous but with the context that Congress gave us I don't think it's ambiguous because the proportionality of that table would be would be destroyed by images you know it's like you know it's cut down to like 50 images 150 images 300 600 you know because the breakpoints would then be half a second six seconds 12 seconds and 25 seconds there we go exactly you know I think the table itself is telling us that frames per second isn't right and also I think those definitions from the statute are important I know they're you know they're defining you know they start with the definition of visual just visual depiction you know visual depiction is defined as visual image and you know various types of visual images Congress is talking about in that definition including videos and photos but aren't you getting visual depiction out of 6a and visual and then images comes from 6b sure so you want to use part of the interpret interpretive guideline to say that the other part yes is ink I mean if you're right than one image is seven I mean I don't it seems internally in contrast contradictory so I think note 6a that defines images is legitimate I mean they Congress or the Sentencing Commission says we're going to define images by tying it to these definitions that Congress gave us you know Congress gave us the image table to begin with and in fact the Sentencing Commission has no special expertise to interpret that term or the table because Congress gave it to us it's not even the Congress didn't require the Sentencing Commission to adopt it I'm sorry well so so yes but you I mean it gets complicated if that's true then I mean should we be thinking about whether Chevron deference applies instead of our I mean I know we're not supposed to say Chevron anymore but if I'm if right so if it were a point is Congress passed this as a statute and then gave it to the Sentencing Commission if that's true then why are we talking about our deference at all well we I don't think we should in fact that's when we get to the third inquiry under Kaiser about the quality and characteristic or the characteristics in context of the agency interpretation I think that's where this table was an author of the word image there's no special expertise in this but but in any event either way we only get to any sort of deference if the statute is ambiguous correct and in order to determine whether the statute is ambiguous we're supposed to apply all our ordinary tools of statutory interpretation so you have to in order to win you have to say well the statute's not ambiguous because your clients meaning one image is right one video is one image we can win without proving it's not ambiguous just as they did in Ricardi the Ricardi court said okay this this may be ambiguous but it's not in the zone of ambiguity because no one would look at the word loss and say the credit credit card or gift card is always $500 just like you'd never look at image and say video image means 175th of a video I mean that numeric well I had to numerically there's a difference whether the zone is at least putting the argument on the other side there is some expertise in thinking about what is usual to me one of the problems Ricciardi is most gift cards aren't anywhere near 500 in this case if there is an ambiguity between a two-hour video equals one and a two-hour video equals whatever it is 75,000 there is a zone somewhere in between there I I just like to I see my time is there but I just like to point out the irony that if it frames if image meant each frame in a because the Protect Act does not let it dilute this image table and it'd be diluting the image table so I think that's it's a fundamental flaw in this in the government's position okay thank you did you have any more questions no good morning your honors may it please the court Josh Handel for the United States there are three entirely independent grounds on which this court can and should affirm the judgment below number one because that outcome is compelled by this court's decision in United States vs. Geerken number two because even setting aside Geerken the Commission's reasonable interpretation of an ambiguous guideline is entitled to our deference under the Supreme Court's decision in Kaiser vs. Wilkie and number three because even setting aside any deference to the Commission the district courts alternative rationale equating images with video frames obviates any claim of prejudice on Mr. Phillips's part I'll address those arguments in turn to begin though I want to emphasize that no one disputes that the district court correctly applied guidelines section 2g 2.2 as interpreted by application note 6b to Mr. Phillips's conduct in this case so the principal question controverted on appeal is whether that application note appropriately interprets an ambiguous guideline this court has already held that it does and there's no reason to depart from that precedent here in United States vs. Geerken this court reached for determinations that are collectively dispositive of Mr. Phillips's challenge in this case first it held that the application note quote resolved an ambiguity in the original wording of the relevant guideline end quote and second it held that the application note was a quote clarifying rather than substantive change to the guideline third it held that the application note was promulgated as an exercise of the sentencing Commission's interpretive authority to provide quote guidance and instruction on the meaning of the guidelines and fourth it held that quote the district court's use of the conversion factor set out in the 2004 application note was not arbitrary and did not result in an unreasonable sentence but what do we do with the fact that Geerken comes before Kaiser and Kaiser pretty clearly tells us we were doing things wrong with respect to our deference we were just reflexively sort of deferring to agency interpretations of their own regulations and Kaiser says no no don't do that and then Riccardi tells us to apply Kaiser so how can you stand on Geerken? Well respectfully Judge Larson I take a slightly different view of Kaiser I think that Justice Kagan's opinion in Kaiser went to great lengths to state that it was not displacing any of the pre-existing case law that relied on and applied our deference and I think that if the court were convinced that the lower courts were just totally fumbling the ball when it came to applying our deference there's no explanation for footnote three in the Kaiser opinion which points out all of the times that our deference has been applied in the lower courts and in the Supreme Court including in the Stinson case where this where the Supreme Court expressly stated that our deference is appropriate as applied to guidelines commentary so I think that what then would we have to set Riccardi aside? I mean that sounds like you're arguing with Riccardi. Well I'm happy to argue with Riccardi I don't think I have to in order to in this case so I would say let's let's accept for the sake of argument that Kaiser did affect some sort of sea change in how we are applying our deference. The factors that make up the court's holding in Geerken map on almost precisely to the factors that the Supreme Court stated are important in determining whether our deference applies post Kaiser. So Kaiser set forth a three-part test for our deference. Number one ambiguity of the underlying regulation, number two reasonableness of the resulting interpretation, and number three the context in which the interpretation was promulgated. Compare that to Geerken which held number one that the relevant resulting reliance on the conversion factor was not arbitrary or unreasonable and number three that the application note was clarifying was a clarifying non-substantive amendment promulgated as an exercise of interpretive authority. Now I understand that there might be some reluctance to to rely on a pre Kaiser case and so I'm happy to go through a fresh analysis you know looking at the Kaiser test and applying that here but our frontline position is that this case is already disposed of, it's controlled by Geerken. If the court finds it necessary to revisit the deference analysis in light of Kaiser, application note 6b still satisfies each of the three prongs of that test. So with respect to ambiguity and reasonableness, Kaiser defined genuine ambiguity to mean that a regulatory term is quote susceptible to more than one reasonable reading end quote. The Sentencing Commission's understanding of image as a constituent part of a video is a reasonable construction under the text structure purpose and history of this guideline. So as we pointed out on pages 19 and 20 of our brief the most common dictionary definition of image is a fixed visual representation which means that a video which is nothing more than a rapid series of still frames necessarily comprises multiple constituent images. So then the question becomes how many images are in a video and in offering guidance on how to apply that interpretation of image the structure, purpose, and history of the guideline being interpreted just as Kaiser directed us to do. In terms of history it's important to remember that prior to Congress's enactment of the PROTECT Act in 2003 guidelines section 2g 2.2 and 2g 2.4 contained a number of qualitative enhancements for such things as a victim age, pecuniary gain, sadomasochistic content, things of that nature, but only one quantitative enhancement a flat two-level increase for having a certain amount of child pornography. Congress was clearly dissatisfied with that regime so it did two things about it. First it increased punishment by boosting the potential quantity enhancement up to a maximum of five levels rather than two and second it differentiated punishment by imposing those enhancements across a four-tiered quantity based gradation. So when attributable to a video the Sentencing Commission looked at the structure Congress had imposed and the purposes for which it had imposed that structure and the Commission adopted the 75 image approximation because it was quote squarely in the middle of the two-level increase range. Right but how is that an interpretation of the word image? So it is I grant you that if the Sentencing Commission had wanted to promulgate a guideline that said well as a matter of policy we think an image is as bad, I'm sorry a moving image, a video is as bad as 75 still images, it could do that. But it didn't do that. What it did was purport to interpret the word image. So how do you interpret the word get to 75 if your answer is just this seems fair? Sure so Judge Larson I will absolutely concede that you know if we were to go out on the street in Cincinnati and conduct like a family feud style survey of a hundred Americans and ask them how many images are in a video maybe you would get some 75s it's not necessarily going to be the consensus right and so I think that the I mean you'd get 75 just as likely as you'd get 100 or 1 or a thousand or how long is the video? Absolutely yeah that's all a fair point. I think the difference is that a hundred Americans on the street are not trained in doing text structure purpose and history analysis which is what the Supreme Court in Kaiser and numerous other cases have has told us. Make the textual argument that one video is 75 images like what's the textual argument as opposed to a this seems fair argument which maybe it is fair I don't just I don't know could be fair. Your Honor so the textual argument is that a video is nothing but constituent images and so an image is a constituent part of a video and then we have to get I'm sorry I didn't mean to. No I'm with you. Okay so right we're in sync right now then we go to structure purpose and history in order to figure out what are the bounds of the zone of ambiguity here and this is again exactly what Kaiser told us to do. You determine that you know based on just kind of the the plain face of the regulation there's ambiguity here maybe there's grievous ambiguity or genuine ambiguity or whatever the language was and then you look to text structure purpose and history in order in order to determine what the bounds of reasonable interpretation. But when you use the word reasonable you are using it not to mean a reasonable interpretation of the word image. You've just said a video is a number of images in other words a number of frames and then you want to say well I want to lump 75 of those together and call that one because it's reasonable meaning it's moderate like I ate a portion. Judge Larson I think that yes we are absolutely. But moderate doesn't mean is it macaroni and cheese like we need to interpret the word images. You're absolutely right but but we are interpreting the word images in the context of the guideline right and we are looking at this entire table that Congress gave us and you know Congress is using the word images and so we are interpreting it in this context right. Perhaps as Judge Larson said you halfway gave away the game in starting to say images you might have said depictions or something to wiggle around it but is is in a sense part of the argument that in the context of that table image makes no sense if you up the punishment for a 3-6 second video that that you've got to interpret image in some different way. Well Judge Boggs I don't think I would go so far as to say that a single image per frame reading makes no sense because I think that you know that's our fallback argument here and it was the district courts fallback argument as well but I think that images that the the interpretation of images that the Sentencing Commission adopted best serves the dual legislative purposes here right. It increases punishment. Dual is increasing and what? And differentiating. Radating I would call it but okay. Exactly. Let me just ask you so I'm having a difficulty here and I think it's the same difficulty that Judge Larson is having because it seems as though when you look at when you do your textual interpretation and you use the term images then you're leapfrogging to yeah but this somehow doesn't feel right and so we're going to now look at the structure but why don't why can't we stop at the text here but where is the ambiguity in the text itself? Well Judge Davis certainly if you think that if you look at the term images and you look at the dictionary definition and you think that this has an unambiguous meaning which I would say the most reasonable kind of just dictionary definition of images is probably a single still image a single still frame then you know maybe maybe you do stop there right and maybe you affirm the judgment here on the district courts alternative rationale. I do not believe that it was erroneous for the Sentencing Commission to consider the text here in the context of the structure purpose and history because I think that that is the analysis that the Supreme Court prescribed for us in Kaiser but I'm happy to move on to the alternative holding if if there are no further questions on this. And you do think it's an alternative holding? Your your friend on the other side suggests it's not an alternative holding so can you? Right so yeah I absolutely do so so with respect to my friend I believe he mentioned that this legal issue didn't come up at sentencing I would differ with that reading of the transcript I would point out that at record page 910 the defense attorney said we likewise object to the frames per second theory in determining how many images are you know applicable as part of this case the government said that you know we view doing the 75 to 1 ratio as the appropriate thing to do rather than counting individual frames but I don't think it affects the outcome of the number of images if your honor does that meaning the alternative frames per second theory nearly all or a significant portion of the testimony at the evidentiary hearing that preceded sentencing was focused on counting frames per second in different types of video there was plenty of evidence about frames per second in the PSR I would submit that all of that discussion all of that testimony all of those paragraphs of the PSR and both of these statements at sentencing would be entirely irrelevant to the outcome here if the district court were just purely deferring to the application note which prescribes as we've established a rule of 75 images per video and you know just to point out what the district court said the district court said quote even applying the evidence presented at the hearing the number of images would be more than 600 and it said it was applying the rationale and arguments set forth in the pre-sentence report which is a very very conservative 15 frames per second which still vastly exceeded the 600 image threshold so I don't see how you get around the fact that that is an alternative rationale and obviously it's within this court's power to affirm on that ground. If it was an alternative holding it was that I the district is just assessing that a video is is made up of constituent images and that you know image can be equated to a frame of video and I think that that's does that also make any sense given that with modern easily available technology you can shoot a video at 15 frames a second or a hundred or a thousand frames a second. Your honor it would certainly be a harsh rule I do not contest that you know it would not it would absolutely not benefit Mr. Phillips it would probably not benefit very many defendants if any and and we are not advocating for that as the best outcome here in my view I would prefer that you just grant deference to the the Sentencing Commission's expertise in this case but I recognize that you know there is some intuitive appeal to viewing each frame of the video as the constituent image and counting them that way. Unless the court has further questions I respectfully request you affirm the judgment below. Thank you. Now the government called it a 75 image approximation and that's very telling because the 75 to 1 judgment that's a substantive legislative decision and Congress definitely didn't make that 75 to 1 ratio the Sentencing Commission made it and in doing so it was making a substantive legislative decision so it based on would that argument apply really to any numerical commentary that is anytime the Commission puts a number on something that isn't in a guideline that's going to be an improper interpretation? I think I haven't looked at those other commentaries that may apply to this but you know probably but it would depend on what the background from Congress was what Congress gave or what or I'm sorry what what the guideline what the guideline says I get confused because in this case Congress gave us. So if let's say we agree with you that it's not ambiguous and therefore and 75 to 1 isn't a reasonable interpretation of the word image where does that leave you? Don't we have to then in order for your claim to prevail don't we then have to decide that one That's the only interpretation you've put but I see two interpretations of image other than 75 to 1. One is frames per second and one is one video is one image those are the two things that the parties have offered us. Two things I think remand is the most appropriate thing but real quick on. Why would we remand? It was already argued. Because the judge. And it's a pure question of law. The precinct report relied on so they have to prove harmless error. I don't think they've met their burden. They have to prove the error was harmless affirmatively. They wrote about less than a page. If we remanded what would the district court then in your position what are they supposed to do? What's the court supposed to do? You would start from square one and decide what does image mean and looking at this family feud question I think there are a couple answers that right. One is image means still or moving image. That's my guess. The other is the family feud thing. The public could think what the sentencing commission was getting at when they issued their request for comment. Which is maybe if you ask someone how many images are in this video they look at and say well there's one scene here in the living room. There's one scene in the bathroom and there's one scene with Johnny and one scene with Billy. They say well there's four images. Everybody stood stock still for 60 seconds so I don't want to count that. Yeah I mean they might they might say there's various images in this movie. In Lincoln there's might be various images but it's because there's different settings not because there's a billion frames in this movie. Is there any dictionary that defines image to mean scene? A new actor comes in that's a new. An image is a visual depiction and I think when the scene changes the depiction changes. I mean I think when the setting changes. But when the actors move across the room doesn't the image also change? Sure. Isn't that the flipbook vision of how you make a movie is there's a bunch of still images and you flip through it. I think it would be a different image when there's a different, when there's a materially different image. When there's a materially different scene being shown. Not